

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney, Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-6234
Re: Salary of the County
Auditor of Fayette
County.

Your letter of September 26, 1944, requesting the opinion
of this department on the questions stated therein is, in part,
as follows:

"Fayette County has a County Auditor, and I am
herewith enclosing copies of the various appoint-
ments by the District Judge and the orders of the
Commissioners' Court thereon commencing with June
8, 1936. You will notice that the last appointment
was by letter to Homer D. Kok, dated July 5, 1943,
and the order of the Commissioners' Court at the
special session of July 8, 1943, which orders that
'the letter from M. C. Jeffery, District Judge, ad-
dressed to Homer D. Kok, appointing him as County
Auditor, be recorded in the minutes of the meeting'
and the other undated order approving his bond.
Fayette County does not have a population of Thirty
Five Thousand (35,000) inhabitants, but as shown by
another statement herewith enclosed, the tax valua-
tion has been over Sixteen Million (16,000,000), at
least ever since 1937. I am also informed that the
tax rolls are usually approved some time in October.

"I would, therefore, appreciate it very much if
you would give me your opinion on the following
qestions as soon as you possibly can:

"1. When the District Judge appoints a County
Auditor and no salary is specified, what
is the salary of the County Auditor?

"2. If no salary is specified by the District
Judge when he appoints the County Auditor,
does this salary fluctuate each year within

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the two year appointment should the tax
valuation fluctuate?

"3. In answering the foregoing, if the salary
of the County Auditor fluctuates with the
tax valuation, when does the increase or
decrease of the salary of the County Auditor
become effective?

"4. Is it necessary that the Commissioners'
Court consent and approve the increase of
the County Auditor's salary above the mini-
mum provided by law?

"5. Does the Commissioners' Court have to record
in their minutes their approval of any in-
crease in salary of the County Auditor above
the minimum allowed by law?

* * * *"

We thank you for the brief submitted with your request
and appreciate your discussion of the questions under consideration.
Your brief and discussion of the questions involved have materially
aided us in passing on the questions submitted.

Article 1645, Vernon's Annotated Civil Statutes, (S. B.
119, Acts 47th Leg., R. S., 1941) reads as follows:

"In any county having a population of thirty-
five thousand (35,000) inhabitants, or over, ac-
cording to the last preceding Federal Census, or
having a tax valuation of Fifteen Million ($15,000,000)
Dollars or over, according to the last approved tax
roll there shall be biennally appointed an auditor
of accounts and finances, the title of said officer
to be 'County Auditor,' who shall hold his office
for two (2) years, and who shall receive as compensa-
tion for his services to the county as such County
Auditor, an annual salary of not more than the annual
salary allowed or paid the Assessor and Collector of
Taxes of his county, and not less than the annual
salary allowed such County Auditor under the general
law provided in Article 1645, Revised Civil Statutes,
as said article existed on January 1, 1940, such
salary of the County Auditor to be fixed and deter-
mined by the District Judge or District Judges mak-
ing the appointment and having jurisdiction in the

county, a majority ruling, said annual salary to be paid monthly out of the general fund of the county. The action of said District Judge or District Judges in determining and fixing the salary of such County Auditor shall be made by order and recorded in the Minutes of the District Court of the County and the Clerk thereof shall certify the same for observance to the Commissioners' Court, which shall cause the same to be recorded in its Minutes; after the salary of the County Auditor has been fixed by the District Judge or District Judges no change in such salary shall thereafter become effective until the beginning of the next ensuing fiscal year of the county. Provided however, any increase in the salary of any such County Auditor over and above the annual salary allowed such County Auditor under the general law provided in Article 1645, as said article existed on January 1, 1940, shall only be allowed or permitted with the express consent and approval of the Commissioners' Court of the county whose County Auditor is affected or may be affected by the provisions of this Act; such consent and approval of such Commissioners' Court shall be made by order of said court and recorded in the Minutes of the Commissioners' Court of said county."

We note that you state in effect that Article 1645, (S. B. 119, supra) repealed House Bill No. 409, Acts of the 47th Legislature, 1941, Regular Session (which is another article of Vernon's Annotated Civil Statutes, denominated Article 1645), at least insofar as they conflict with each other regarding the fixing of the County Auditor's salary. In Opinion No. O-4851, this department held, among other things, that the provisions of S. B. 119 with reference to the annual salary of the County Auditor are in conflict with the provisions of H. B. 409, pertaining to the salary of the County Auditor, and said provisions of H. B. 409 are repealed by S. B. No. 119.

Article 1645, Vernon's Annotated Civil Statutes, as it existed on January 1, 1940, reads, in part, as follows:

"In any county having a population of thirty-five thousand (35,000) inhabitants or over, according to the preceding Federal Census, or having a tax valuation of fifteen million dollars ($15,000,000), or over, according to the last approved tax roll there shall be biennally appointed an auditor of accounts and finances, the title of said officer to be County Auditor, who shall hold his office for two (2) years, and who shall receive as compensation for his services

> one hundred and twenty-five dollars ($125.00) for
> each million dollars, or major portion thereof, on
> the assessed valuations, the annual salary to be
> computed from the last approved tax rolls; said
> annual salary from county funds shall not exceed
> three thousand six hundred dollars ($3,600.00)
> * * *"

Generally speaking, in view of the foregoing statutes, you are advised that the annual salary of the County Auditor cannot be more than the annual salary allowed or paid the Assessor and Collector of Taxes in his county, and not less than the annual salary allowed such County Auditor under the general laws provided in Article 1645, Revised Civil Statutes, as said Article existed on January 1, 1940. Such salary of the County Auditor to be fixed and determined by the District Judge or District Judges making such appointment and having jurisdiction in the county, a majority ruling, said annual salary to be paid monthly out of the general fund of the county. If the annual salary of the County Auditor was fixed under the provisions of Article 1645, as said Article existed on January 1, 1940, said salary must be computed from the last approved tax rolls at the time the salary was fixed.

We want to point out that any increase in the salary of the County Auditor, over and above the annual salary allowed such County Auditor under the general law provided in Article 1645, as said Article existed on January 1, 1940, shall only be allowed or permitted with the express consent and approval of the Commissioners' Court of the county whose auditor is affected. Article 1645, supra, expressly provides that "any increase in the salary of any such county auditor, over and above the annual salary allowed such county auditor under the general law provided in Article 1645, as said Article existed on January 1, 1940, shall only be allowed or permitted with the express consent and approval of the Commissioners' Court of the county whose county auditor is affected or may be affected by the provisions of this Act; such consent and approval of such Commissioners' Court shall be made by the auditor of such court and recorded in the Minutes of the Commissioners' Court of such county."

Your letter discloses that when the District Judge appointed the County Auditor he did not fix and determine the salary of the County Auditor. As above stated, it is our opinion that the salary of the County Auditor should be fixed and determined by the district judge or district judges making such appointment and having jurisdiction in the county. However, where such district judge fails to fix and determine the salary of the County Auditor when the appointment was made, it is our opinion that the Auditor would be entitled to an annual salary allowed such County Auditor under the general law provided in Article 1645, as said Article existed on January 1, 1940.

Stated differently, if the District Judge did not fix and determine any definite salary for the County Auditor, we believe that it follows that not more than the minimum was intended, and the minimum is fixed by said Article 1645, as it existed on January 1, 1940. One of the enclosed statements of your inquiry reveals that the tax valuation of Fayette County ever since 1940 was over $16,000,000 but under $16,500,000 except for the year 1944, for which year the tax valuation is $16,563,905.

Specifically answering your first question, it is our opinion that the salary of the County Auditor of Fayette County for the year 1944 is $2,000 and further that the annual salary of the County Auditor of Fayette County for 1945, commencing with January 1st, would be $2,125, as the annual salary of the County Auditor is controlled by the provisions of Article 1645, as said Article existed on January 1, 1940, said salary must be computed on the last approved tax rolls of the county.

Your second question is respectfully answered in the affirmative. When the annual salary of the County Auditor is controlled by the provisions of Article 1645, as said Article existed on January 1, 1940, said salary must be computed on the last approved tax rolls of the county.

Replying to your third question, you are advised that it is our opinion that any increase or decrease of the salary of the County Auditor, under Article 1645, as said Article existed on January 1, 1940, would become effective on January 1st based upon the last approved tax rolls of the county.

In view of the express provisions of Article 1645, Vernon's Annotated Civil Statutes, it is our opinion that your fourth question should be answered in the affirmative, and is so answered.

In reply to your fifth question, you are respectfully advised that it is our opinion that the Commissioners' Court should record in their minutes their approval of any increase of salary of the County Auditor above the minimum allowed by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:EP

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN